## J. C. ADAMS *v.* D. M. McBARR.

**Fraud—Sale of Land.**

The appellee upon the reception of a fraudulent letter as to the value of the land proceeded to the home of the appellant and there upon the faith of this letter contracted to pay for the land ten times its value.

**Held,** that no chancellor would permit such an inconceivable bargain brought about by such fraudulent means to remain obligatory longer than he could annul it.

APPEAL FROM SIMPSON CIRCUIT COURT.

March 28, 1872.

OPINION OF THE COURT BY JUDGE PRYOR.

The tract of land owned by the appellant in Camden county, Missouri, contained only eighty acres; its value did not exceed at any time so far as the proof shows two dollars per acre, or one hundred and sixty dollars. No discovery had been made of any valuable minerals on this land, or on any land adjacent thereto. There is nothing in its particular location to induce one to attempt a speculation by an investment in it. Intelligent persons living in the neighborhood of the land fixed its value at not exceeding two dollars per acre. There is nothing in the record to show that it had a speculative or imaginary value by reason of the supposed existence of valuable minerals beneath its surface. The appellant had by his agent in Missouri been estimating the tract at from one to two dollars per acre and it seems at no time to have increased in value in the county of its location, but upon the reception of the letters from Harris, Davis & Co., Henry I. Marstin and Jonathan Link by unsuspecting citizens of Franklin, Kentucky, this almost valueless land was held by the appellant at a fabulous price. The value placed upon it by those unknown correspondents was from five to ten thousand dollars by reason, as they suggest in their letters, of the minerals under its surface. The appellant about the time these letters are written or received, by some operation of his own mind, ascertains that there are minerals upon his land, and he fixes a value upon it, corresponding with the value as suggested in the letters of Jonathan Link and others. What induced the appellant to hold this land at such a fabulous price is unexplained by him. He had no information from his agent at Camden of the discovery of these hidden treasures, or from any other source, so far as appears from the testimony in this case. It is true he states that repeated offers had been made him for it, but not a letter nor a witness does he exhibit or call upon to testify in regard to these facts. If his land had advanced in value from one hundred to ten thousand dollars, he could at least have found one witness, or exhibited some letter evidencing a state of facts, upon which he had the right to base an opinion that

his land was very valuable. The only letters that are exhibited are those from Jonathan Link and others to these credulous men in Franklin and the appellee upon the reception of one of them, that upon its face would have induced a business man to suspect fraud, proceeded to the office or home of the appellant, and there upon the faith of this letter contracted to pay for the land ten times its value. The local habitation of Harris Davis & Co., Henry I. Marstin and Jonathan Link has been clearly made known by the proof in this record, and no chancellor would permit such an inconceivable bargain, brought about by such fraudulent means, to remain obligatory longer than with pen and ink he could annul it.

The judgment of the court below is affirmed.

*R. Rodes, for appellant.*

*Finn & Bush, W. P. D. Bush, for appellee.*